Jenkins Law Firm
4020 N. 20th Street, Suite 100
Phoenix, AZ 85016
TELEPHONE 602.283.9868
FAX 602.412.3954
EMAIL LASHAWN.JENKINS@THEJENKINSLAWFIRM.COM

LaShawn D. Jenkins (#021840)

Attorneys for Walter Zahlmann and Twin Enterprises Consulting

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>BRADLEY DEAN DIEPHOLTZ and KAREN LOUISE DIEPHOLTZ,<br><br>Debtors. | Case No.: 2:10-bk-22054-CGC<br><br>Chapter 7 |
| WALTER ZAHLMANN AND TWIN ENTERPRISES CONSULTING,<br><br>Plaintiffs,<br><br>vs.<br><br>BRADLEY DEAN DIEPHOLTZ and KAREN LOUISE DIEPHOLTZ; B&K PROPERTIES, LLC,<br><br>Defendants. | Adversary No. 2:11-ap-00271-CGC<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§523(a)(2)(A) and (B), 523(a)(3), 523(a)(4), and 523(a)(6))** |

Plaintiff Walter Zahlmann and Twin Enterprises Consulting, (collectively, "**Plaintiff**"), through counsel undersigned, allege:

**STATEMENT OF JURISDICTION**

1. This adversary proceeding is brought under 11 U.S.C. §§523(a)(2)(A) and (B),

523(a)(3), 523(a)(4), and 523(a)(6).

2. This adversary proceeding arises out of Debtors' bankruptcy Case No. 2:10-bk-22054-CGC filed as a voluntary case under Chapter 7 of the United States Bankruptcy Code on July 14, 2010, which is currently pending before the court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, and 11 U.S.C. §523(a).

4. This is a core proceeding pursuant to 28 U.S.C. §157(b). To the extent that any allegations are deemed to relate to non-core proceedings said allegations fall under the purview of 28 U.S.C. §157(b)(4), and Plaintiff consents to this Court's jurisdiction to enter findings of fact and conclusions of law to the extent the Court may rule on any non-core issue in this proceeding.

5. Pursuant to, among other things, their response to Question 21 on the Statement of Financial Affairs, the Debtors each hold a 50% interest in B&K Properties, LLC ("**B&K**"), such that they collectively own 100% of B & K, and their interests in B&K, and all assets of B&K, constitute property of the estate.

## FACTUAL BACKGROUND

6. On August 29, 2003, Debtors knowingly and fraudulently presented payment to Plaintiff by a business check drawn on an account that belonged to Logo Lines Corporation, a company owned by Debtors that did not have sufficient funds to cover the check presented. Debtors presented this payment without having any intention of paying the Plaintiff. Plaintiff did not know the representations were false when made, detrimentally and reasonably relied upon fraudulent representations of the Debtors, and has been damaged by the Debtors false representations.

7. On or about October 27, 2003, Plaintiff Walter Zahlmann filed an Answer and Counterclaim against Debtors and Logo Lines Corporation ("**Logo Lines**").

8. Following adjudication on the merits, a judgment was entered against Logo Lines

1  on the Counterclaim awarding Plaintiffs compensatory damages of $6,945.00, pre-judgment interest of $1,801.89, taxable costs of $436.00, attorneys' fees of $6,465.00 and interest on the judgment continuing to accrue at the legal rate of ten percent (10%) from March 14, 2006 until pain (the "**Judgment**").  A copy of the Judgment is attached as **Exhibit 1**.

9. Following entry of the Judgment, Plaintiffs engaged in discovery to collect upon the Judgment from Logo Lines, including a judgment debtor exam on August 9, 2006.

10. Defendant Brad Diepholtz appeared with counsel James O. Ehinger at the judgment debtor exam of Logo Lines and represented to the Court that he was never a shareholder or owner of Logo Lines, that he was not its statutory agent and that he was only a former officer and employee of Logo Lines.  A copy of the Minute Entry from the judgment debtor exam is attached as **Exhibit 2**.

11. This representation was confirmed by Mr. Ehinger in a letter dated August 9, 2006, a copy of which is attached as **Exhibit 3**.

12. Despite this representation to the Court, which was also confirmed in Mr. Ehinger's August 9, 2006 letter, Brad Diepholtz made contrary sworn statements in the annual reports of Logo Lines filed with the Arizona Corporation Commission where he represented he was the sole shareholder and owner of Logo Lines.  Copies of 2003, 2004 and 2005 annual reports of Logo Lines attached as **Exhibit 4**.

13. Additionally, Mr. Ehinger's e-mail correspondence of September 25, 2008 also contradicts these statements as evidenced by his categorization of the payment of the personal debts of the Debtors by Logo Lines as legitimate compensation to shareholders.  A copy of the September 25, 2008 e-mail correspondence from Mr. Ehinger is attached as **Exhibit 5**.

14. During additional discovery, Plaintiffs also obtained various documents of Logo Lines, the Debtors, B&K Properties, and Palo Verde Embroidery, Inc. ("**Palo Verde**"), which Plaintiffs had examined by a certified public accountant.

15. As it relates to the evaluation by the certified public accountant:

   a. B&K is an Arizona limited liability company that owned the property leased to Logo Lines and whose only members are the Debtors. A copy of the information regarding B&K on file with the Arizona Corporation Commission is attached as **Exhibit 6**.

   b. Upon information and belief, Palo Verde was an Arizona corporation that did business with Logo Lines whose sole shareholder was Karen Diepholtz until it is believed to have been sold to another party some time in 2004. A copy of the information regarding Palo Verde filed Arizona Corporation Commission and its 2004 annual report is attached as **Exhibit 7**.

16. As a result of the examination of the various documents, the certified public accountant reached conclusions and opinions regarding the operation of Logo Lines and its interactions with the Debtors, B&K and Palo Verde including, but not limited to:

   a. Logo Lines was never adequately capitalized;

   b. Brad Diepholtz was the president of Logo Lines and exercised all control and Management of Logo Lines' activities;

   c. Logo Lines and the Debtors consistently commingled business and personal debts without formalizing a majority of the transactions and failed to follow the form of the few existing documents memorializing the transactions;

   d. Logo Lines, B&K and Palo Verde consistently commingled funds, debts and assets without formalizing a majority of the transactions and failed to follow the form of the few existing documents memorializing the transactions;

   e. The assets of Logo Lines inexplicably disappeared including, but not limited to, a vehicle, accounts receivable and office furnishings; and

   f. Logo Lines failed to follow corporate formalities.

17. The actions of the Debtors and Logo Lines are so intermixed that they demonstrate a unity of interest where the separateness of the individual and corporation cease to exist.

18. Observance of the corporate form in this case would sanction a fraud and promote injustice since the Debtors and Logo Lines would be able to avoid liability for the Judgment.

19. The actions of the Debtors were perpetrated with a conscious disregard of a substantial risk of harm to others justifying a finding of willful and malicious injury to Plaintiff.

20. Despite (i) demand upon the Debtors for payment of the Judgment and associated amounts, and (ii) a lawsuit commenced in Maricopa County Superior Court as Case No CV2008-053887 demanding payment of the Judgment and associated amounts, made under a theory of piercing the corporate veil, the Debtors have failed and/or refused to pay.

21. As of February 7, 2011, Plaintiff's claim arising from the Judgment totals at least $55,000.00.

## NONDISCHARGEABLE DEBT: §523(a)(2)(A) and (B)

22. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1-21 above.

23. Debtors knowingly entered into a contract with Plaintiff for use of Plaintiff's services and property to operate their business.

24. Debtors made false representations for payment of these goods and services by presenting a check, knowing these checks would not be paid upon presentment.

25. Debtors intended and used false statements to gain the confidence, money, property, and services of Plaintiff.

26. Pursuant to 11 U.S.C. §523(a)(2)(A), Debtors used false pretenses and false representations to defraud Plaintiff.

27. As a result, Plaintiff was damaged and received the Judgment and Debtors are liable for all interest accrued on the Judgment, and attorneys' fees and costs associated with

1 collection of such Judgment.

2     28. Pursuant to 11 U.S.C. §523(a)(2)(B), Debtors used a statement in writing that was materially false respecting the Debtors' financial condition on which Plaintiff justifiably relied; and caused such statements to be made or published with intent to deceive Plaintiff.

    29. Debtors made false representations and used statements in writing to defraud Plaintiff in his attempts to collect the Judgment, which caused Plaintiff to incur attorneys' fees and costs.

**NONDICHARGEABLE DEBT: 523(a)(3)**

    30. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1-29 above.

    31. Debtors failed to properly list Plaintiff in their bankruptcy statements and schedules, including failing to properly add Plaintiff to the creditor mailing matrix, to ensure the Plaintiff was notified of their bankruptcy filing.

    32. Such failure to properly schedule Plaintiff under section 521(1) of this title, and/or in the creditor mailing matrix, in order to notify Plaintiff of the Debtors' bankruptcy case prior to their discharge being entered.

    33. Plaintiff did not receive notice until on or about October 27, 2010, which was not in time to permit the timely filing of a proof of claim and timely request for a determination of dischargeability of such debt as under 11 U.S.C. §§523(a)(2)(A) and (B), 523(a)(3), 523(a)(4), and 523(a)(6).

**NONDICHARGEABLE DEBT: 523(a)(4)**

    34. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1-33 above.

    35. Debtors knowingly entered into the contract with Plaintiff for use of Plaintiff's services and property to operate their business. Debtors did so while acting in a fiduciary,

business owner and/or management capacity.

36. Debtors then failed to pay for such services and property provided by Plaintiff.

37. Debtors made false representations by making payment for goods and services for their business by presenting a check, knowing the check would not be paid upon presentment.

38. Pursuant to 11 U.S.C. §523(a)(4), Debtors acted in the capacity of business owners and/or management on behalf of Logo Lines Corporation when entering into the contract with Plaintiff and presenting the check for payment of goods and services based on false pretenses, with the intent to defraud Plaintiff.

## **NONDISCHARGEABLE DEBT: 523(a)(6)**

39. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1-38 above.

40. Debtors willfully and maliciously entered into the contract with Plaintiff for use of Plaintiff's services and property to operate their business.

41. Pursuant to 11 U.S.C. 523(a)(6), Debtors willfully and maliciously made false representations for payment of these goods and services by presenting a check, knowing these checks would not be paid upon presentment.

42. Debtors willfully and maliciously intended and used false statements to gain the confidence, money, property, and services of Plaintiff.

43. Pursuant to 11 U.S.C. 523(a)(6), Debtors willfully and maliciously used a statement in writing that was materially false respecting the Debtors' financial condition on which Plaintiff justifiably relied; and caused such statements to be made or published with intent to deceive Plaintiff.

44. Pursuant to 11 U.S.C. 523(a)(6), Debtors willfully and maliciously made false representations and used statements in writing to defraud Plaintiff in his attempts to collect the Judgment, which caused Plaintiff to incur attorneys' fees and costs.

45. Pursuant to 11 U.S.C. 523(a)(6), Debtors willfully entered into the contract with Plaintiff, and received goods and services from Plaintiff for malicious and fraudulent reasons, never intending to make payment on goods and services received.

46. As a result, Plaintiff was damaged and received the Judgment and Debtors are liable for all interest accrued on the Judgment, and attorneys' fees and costs associated with collection of such Judgment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A. That the debt to Plaintiff for the amount of at least $55,000.00 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and (B), plus the contract rate of interest accruing until paid;

B. That the debt to Plaintiff for the amount of at least $55,000.00 is nondischargeable pursuant to 11 U.S.C. §523(a)(3), plus the contract rate of interest accruing until paid;

C. That the debt to Plaintiff for the amount of at least $55,000.00 is nondischargeable pursuant to 11 U.S.C. §523(a)(4), plus the contract rate of interest accruing until paid ;

D. That the debt to Plaintiff for the amount of at least $55,000.00 is nondischargeable pursuant to 11 U.S.C. §523(a)(6), plus the contract rate of interest accruing until paid;

E. For all other amounts to be proven at trial which Plaintiff has had to incur as a result of the fraudulent and malicious acts committed by Debtors;

F. For punitive damages based on the fraudulent and malicious acts committed by Debtors;

G. That the Court award Plaintiff their attorney's fees and costs incurred

1 | herein; and

2 |       H.    For such other relief as the Court deems just and proper.

DATED this 7th day of February, 2011.

JENKINS LAW FIRM

By /s/ LaShawn D. Jenkins
    LaShawn D. Jenkins

Attorneys for Walter Zahlmann and Twin Enterprises Consulting